## HOLTZENDORF *v.* HILTON & DODGE LUMBER COMPANY.

1. There was no error in rejecting the proffered amendment.
2. The grant of a nonsuit was proper.

DECEMBER 13, 1913.

Application for headright. Before Judge Conyers. Camden superior court. November 5, 1912.

*J. L. Sweat,* for plaintiff. *Bolling Whitfield,* for defendant.

EVANS, P. J. 1. Under the headright laws a head of a family could apply for a grant of vacant land to the amount of 200 acres for himself and 50 acres additional for every member of his family.

Cobb's Digest, 660 et seq. The application was to be made to the ordinary; and if no caveat was filed, the ordinary issued a warrant to the county surveyor, who surveyed the land, and if he was satisfied that the land was vacant he certified the fact to the ordinary, who approved the proceedings, confirmed the surveyor's report, and directed the plat of the survey, together with a certified copy of the order, to be forwarded to the office of the Secretary of State, by whom it was recorded and a grant issued to the applicant. But the owner of adjacent land was empowered to caveat the issuing of a warrant; in which event the application and caveat were transmitted to the superior court for trial. Code of 1895, §§ 3226-3234. All laws authorizing the issue of grants to land under headrights were repealed in 1909, with a provision in the repealing act that its terms should not apply to or affect any headright warrant, application for which was then pending. Acts 1909, p. 115. In 1908 Chester A. Holtzendorf applied for the issue of a warrant to 400 acres of alleged vacant land, alleging that his family consisted of himself, wife, and minor daughter. The Hilton & Dodge Lumber Company filed a caveat, averring its ownership of the land for which a grant was applied, and denying that it was vacant land. The applicant offered to amend his application by alleging that since the application was filed his daughter had died, and that two other children had been born unto him; and he prayed that the 340 acres of land returned by the county surveyor be found in favor of himself, wife, and two minor children in life. The amendment was offered after the date of the repealing act. The court rejected the amendment, and properly did so. The applicant could not by amendment enlarge the scope of his application by reason of an increase in his family subsequently to the repeal of the headright laws. The repealing act saved only pending applications from its operation, and did not give to the applicant any right to a larger acreage because of children born since its passage.

2. The evidence was insufficient to make out a prima facie case that the applicant was entitled to a grant of the land as vacant land, and the court did not err in granting a nonsuit.

*Judgment affirmed. All the Justices concur.*